HOTEL OCCUPANCY TAX Cities do have the authority under 68 O.S. 2701 [68-2701] (1969), to levy a hotel occupancy tax. Cities presently have the authority to expend municipal funds for tourism, industry, wholesale trade, retail trade, conventions, trade shows, and so forth, if it is done in accordance with the laws regarding public funds, and if it is not prohibited by the city's charter and it is authorized by a city ordinance as a special purpose. The Attorney General has had under consideration your request an official opinion on the following questions: "1. Do the cities have authority under 68 O.S. 2701 [68-2701] to levy a hotel occupancy tax? "2. Do the cities presently have the authority to expend municipal funds for tourism, industry, wholesale trade, retail trade, conventions and trade shows? "3. If cities have neither of the above powers, what grant of authority must they have from the legislature or does the legislature have the power to grant the authority?" Title 68 O.S. 2701 [68-2701] (1969), states, in pertinent part: "Any incorporated city or town in this State is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of State government except ad valorem property taxes. Provided, taxes shall be uniform upon the same class subjects, and any tax, charge, or fee levied upon or measured by income or receipts from the sale of products or services shall be uniform upon all classes of taxpayers; . . . Provided, however, that this act shall not be construed to authorize imposition of any tax upon persons, firms or corporations exempted from other taxation under the provisions of Title 36 O.S. 348.1 [36-348.1], 36 O.S. 624 [36-624] and 36 O.S. 321 [36-321] (1961), as amended, by reason of payment of taxes imposed under said sections; provided, further, that cooperatives and communications companies are hereby authorized to pass on to their subscribers in the incorporated city or town involved, the amount of any special municipal fee, charge or tax hereafter assessed or levied on or collected from such cooperatives or communications companies. Provided further, that no earnings, payroll or income taxes may be levied on nonresidents of the cities or towns levying said tax. Provided further, that the governing body of any city or town shall be prohibited from proposing taxing ordinances more often than three times in any calendar year, or twice in any six month period." (Emphasis added) From the foregoing, it appears that a city may levy a tax for general and special purposes of municipal government provided the taxes are uniform upon the same class subject and any tax levied upon or measured by income or receipts from the sale of products or services shall be uniform upon all classes of taxpayers. Hotel, motel, and other like owners do not fall within the exception provided by Title 36 O.S. 348.1 [36-348.1], 36 O.S. 624 [36-624] and 36 O.S. 321 [36-321] [36-321] (1961), as amended. Title 68 O.S. 2705 [68-2705] (1969), provides that any taxes levied by a city or town as authorized by Section 2701 shall not become valid until the ordinance levying each specific tax shall have been approved by a majority of votes of the registered voters voting on such question in that particular city or town. Therefore, it is the opinion of the Attorney General that your first question should be answered in the affirmative, in that cities do have the authority under 68 O.S. 2701 [68-2701] (1971), to levy the hotel occupancy tax. In reply to your second question, it must be determined whether or not tourism, industry, wholesale trade, retail trade, conventions and trade shows are general and special purposes of municipal government. The Constitution of Oklahoma provides for incorporated towns and counties to vote bonds for the purpose of securing and developing industry. Article X, Section 35. A state agency,, the Industrial Development and Park Department for authority under 74 O.S. 1113 [74-1113] (1969), to spend state funds promoting tourism, industry, trade, and so forth. Therefore, it would appear that tourism, industry, wholesale and retail trade, conventions, trade shows, and so forth could be a general or special purpose of municipal government, depending upon the fact situation of exactly how the funds were spent, since they are public funds. Therefore, it is the opinion of the Attorney General that your second question should be answered in the affirmative, in that cities presently have the authority to expend municipal funds for tourism, industry, wholesale trade, retail trade, conventions, trade shows, and so forth, if it is done in accordance with the laws regarding public funds, and if it is not prohibited by the city's charter and it is authorized by a city ordinance as a special purpose. Since the answers to your first two questions were in the affirmative, your third question does not require an answer. (Tim Leonard)